**26-1655**
**SECT. I MAG. 4**

## PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: **EASTERN DISTRICT OF LOUISIANA** |
|---|---|
| Name (under which you were convicted): **GERALD WEST** | Docket or Case No. **542-527** |
| Place of Confinement: **RAYBURN CORRECTIONAL CENTER** | Prisoner No: **768228** |
| Petitioner (include the name under which you were convicted) | Respondent (authorize person having custody of petitioner) |
| **GERALD WEST**     V. | **KEITH BICKHAM, WARDEN** **RAYBURN CORRECTIONAL CENTER** |

The Attorney General of the State of Louisiana, Elizabeth Baker Murrill

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   Criminal District Court, Parish of Orleans, 2700 Tulane Avenue, New Orleans, LA 70119

   (b) Criminal docket or case number (if you know): 542-527

2. (a) Date of the judgment of conviction (if you know): April 8, 2022

   (b) Date of sentencing: August 16, 2022

3. Length of sentence: 40 years on count one, 40 years on count two, and 20 years on count three concurrent

4. In this case, were you convicted on more than one count or of more than one crime?   ☑ Yes   ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: La. R.S. 14:30.1; La. R.S. 14:64.3, and 14:130.1

1

6. (a) What was your plea? (Check one)

☑ (1)   Not guilty        ☐ (3)   Nolo contendere (no contest)

☐ (2)   Guilty           ☐ (4)   Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☑ Jury        ☐ Judge only   ☐

7.  Did you testify at a pretrial hearing, trial or a post-trial hearing?

☐ Yes            ☑ No

9. If you did appeal, answer the following:

a. Name of court: <u>Court of Appeal Fourth Circuit</u>.

b. Docket or case number (if you know): <u>22-0721</u>.

c. Result: <u>Denied</u>.

d. Date of result: <u>July 5, 2023</u>.

e. Citation to the case (if you know): <u>371 So.3d 1</u>.

f.  Grounds raised: <u>(1) The district court erred in allowing the State to present other crimes evidence in violation of La. C.E. 404(B); (2) The district court erred in permitting the State to elicit testimony of the victim's character; (3) The district court erred in permitting Officer Charles Dionne to testify as an expert in GeoTime software analysis; (4) The district court erred in failing to grant a mistrial after a member of the defense team, Hailey Fortezzo, alleged that she overheard a juror tell two other jurors, "He is guilty."; and (5) The sentences of forty years imprisonment at hard labor for manslaughter conviction, and forty years at hard labor without benefits of probation, parole, or suspension of sentence for armed robbery was excessive.</u>

(g) Did you seek further review by a high state court? ☑ Yes        ☐ No

If yes, answer the following:

(1) Name of court: <u>Supreme Court of Louisiana</u>.

(2) Docket or case number (if you know): <u>2026-KH-00050</u>.

(3) Result: <u>Denied</u>.

(4) Date of result: <u>June 25, 2026</u>.

(5) Citation to the case (if you know): <u>--- So.3d ----, 2026 WL 1830647</u>.

(6) Grounds raised: <u>(1) The district court erred in allowing the State to present other crimes evidence in violation of La. C.E. 404(B); (2) The district court erred in permitting the State to elicit testimony of the victim's character; (3) The district court erred in permitting Officer Charles Dionne to testify as an expert in GeoTime software analysis; (4) The district court erred in failing to grant a mistrial after a member of the defense team, Hailey Fortezzo, alleged that she overheard a juror tell two other jurors, "He is guilty."; and (5) The sentences of forty years imprisonment at hard labor for manslaughter conviction, and forty years at hard labor without benefits of probation, parole, or suspension of sentence for armed robbery was excessive</u>.

(h) Did you file a petition for certiorari in the United States Supreme Court?        ❏ Yes        ☑ No

If yes, answer the following:

(1) Docket or case number (if you know): _____ **n/a** _____

(2) Result: _____ **n/a** _____

(3) Date of result (if you know): _____ **n/a** _____

(4) Citation to the case (if you know): _____ **n/a** _____

10.    Other than the direct appeals listed above, have you previously filed any petitions, applications, or motions concerning this judgment of conviction in any state court?        ☑ Yes        ❏ No

11. If your answer to Question 10 was "Yes," give the following information:

(a)  (1)  Name of Court: <u>Criminal District Court, Parish of Orleans</u>.

(2)  Docket or case number (if you know): <u>542-527</u>.

(3)  Date of filing (if you know): <u>May 20, 2025</u>.

(4) Nature of the proceeding: <u>First Uniform Application for Post-Conviction Relief, Application for</u>

Post-Conviction Relief, and Memorandum in Support, pursuant to **State ex rel. Bernard v. Criminal District Court Section "J"**, 94-2247 (La. 4/28/95), 653 So.2d 1174. (per curiam).

(5) Grounds raised: (1) The State of Louisiana prejudicially offered and the court admitted Leander Lafrance's recorded police interview pursuant to *La. C.E. Art. 804(A)(3)*, which deems a declarant "unavailable as a witness" when he cannot or will not testify in court concerning the substance of his out-of-court statement when he "testifies to a lack of memory of the subject matter of his statement." (2) Trial counsel rendered ineffective assistance of counsel when he failed to object when the State offered and the trial court admitted Lafrance's recorded interview pursuant to *La. C.E. art. 804 (A)(3)*. Trial counsel rendered prejudice because Lafrance t did not have "a lack of memory of the subject matter of his statements". (3) Representatives of the State of Louisiana used *La. C.E. art. 804(A)(3)* to introduce out-of-court statements in Lafrance's recorded police interview that were known to be false and failed to correct it. (4) During trial Leander Lafrance admitted that he was initially charged with second degree murder with Gerald West, but in exchange for his trial testimony, he agreed to plead guilty to obstruction of justice and accessory after the fact. He received a twenty-year sentence of imprisonment at hard labor on the obstruction charge and a five-year sentence on the accessory charge, but nevertheless agreed that his expected, actual release date was September of 2025; (5) Ineffective assistance of defense counsel for failing to object to the State presenting other crimes evidence in violation of *La. C.E. 404(B)*. Defense counsel allowed the State to elicit testimony from Det. Torres that Defendant committed a shooting on April 30, 2018 and that forty-five caliber casings were discovered at the crime scene. Det. Torres also testified that the victim of the subsequent shooting positively identified Defendant as the perpetrator in a confirmation photograph and stated that his nickname was "Frog." Defense counsel's deficient performance was exacerbated by his agreement with the State to limit the testimony it elicited from Det. Poluikis and Det. Torres regarding the facts of the April 30, 2018 shooting; and (6) Det. Poluikis testified that the victim's girlfriend (Nichele Nixon) and a woman named Victoria Claiborne provided statements to detectives detailing the firearm exchange between the victim and Lafrance, and Ms. Claiborne claimed that Lafrance had admitted that he participated in the homicide. Defense counsel failed to subpoena the above witnesses to testify during his trial.

4

(6)  Did you receive an evidentiary hearing on your petition, application or motion?

❑ Yes        ☑ No

(7)  Result: _____n/a_____

(8)  Date of result (if you know): _____ n/a _____

(b)  If you filed any second petition, application or motion give the same information: N/A

(1) Name of court: _____ n/a _____

(2) Docket or case number (if you know): _____ n/a _____

(3) Date of filing (if you know): _____ n/a _____

(4) Nature of the proceeding: _____ n/a _____

(5) Grounds raised: _____ n/a _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes        ❑ No

(7) Result: _____ n/a _____

(8) Date of result (if you know): _____ n/a _____

(c)  If you filed any third petition, application, or motion, given the same information:

(1) Name of Court: _____ n/a _____

(2) Docket or case number (if you know): _____ n/a _____

(3) Date of filing (if you know): _____ n/a _____

(4) Nature of the proceeding: _____ n/a _____

(5) Grounds raised: _____ n/a _____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
❑ Yes        ❑ No

(7) Result: _____ n/a _____

(8) Date of result (if you know): _____ n/a _____

(d)  Did you appeal to the highest state court having jurisdiction the result of action taken on any petition, application or motion?

5

(1) First petition:  ☑ Yes    ❑ No

(2) Second petition:  ❑ Yes    ❑ No

(3) Third petition:  ❑ Yes    ❑ No

(e)  If you did not appeal to the highest state court having jurisdiction, explain why you did not: N/A

12.  For this petition, state every ground on which you claim that you are being held in violation of the Constitution, Laws, or treaties of the United States.  Attach additional pages if you have more than four grounds. State the facts supporting each ground.

>Caution: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies as to each ground on which you request action by the federal court. Also, if you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: The State of Louisiana prejudicially offered and the court admitted Leander Lafrance's recorded police interview pursuant to *La. C.E. Art. 804(A)(3)*, which deems a declarant "unavailable as a witness" when he cannot or will not testify in court concerning the substance of his out-of-court statement when he "testifies to a lack of memory of the subject matter of his statement."**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**(See Memorandum In Support)**

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c)  Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?  ❑Yes  ☑No

(2) If you did not raise this issue in your direct appeal, explain why:  Ineffective assistance of appellate counsel.

(d) Post-Conviction Proceedings:

(1)  Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑ Yes    ❑ No

(2)  If your answer to Question (d)(1) is "Yes," state:

6

Type of motion or petition: <u>Application for post-conviction relief</u>.

Name and location of the court where the motion or petition was filed: <u>41ˢᵗ JDC, Parish of Orleans, 2700 Tulane Avenue, New Orleans, LA 70119</u>.

Docket or case number (if you know): <u>542-527</u>.

Date of the court's decision: November 18, 2025.

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>. <u>See Exhibit: A</u>.

(3) Did you receive a hearing on your motion or petition?                   ❑ Yes ☑No

(4) Did you appeal from the denial of your motion or petition?         ☑ Yes ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal?   ❑ Yes ☑No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____ **n/a** _____

Docket or case number (if you know): _____ **n/a** _____

Date of the court's decision: _____ **n/a** _____

Result (attach a copy of the court's opinion or order, if available): _____ **n/a** _____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

<u>ineffective assistance of appellate counsel</u>.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, ect.) that you have used to exhaust state remedies on Ground One: <u>N/A</u>.

**GROUND TWO: Trial counsel rendered ineffective assistance of counsel when he failed to object when the State offered and the trial court admitted Lafrance's recorded interview pursuant to *La. C.E. art. 804 (A)(3)*. Trial counsel rendered prejudice because Lafrance t did not have "a lack of memory of the subject matter of his statements".**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**(See Memorandum In Support)**

(b) If you did not exhaust your state remedies on Ground Two, explain why: <u>N/A</u>

(c)     **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❑ Yes ☑No

(2) If you did not raise this issue in your direct appeal, explain why: <u>ineffective assistance of appellate counsel; a claim of ineffective assistance of counsel is generally not urged on appeal. It is usually raised in the trial court through the means of an application for post-conviction relief.</u>

(d) Post-Conviction Proceedings:

(3) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑Yes        ❑ No

(4) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Application for post-conviction relief</u>.

Name and location of the court where the motion or petition was filed: <u>41st JDC, Parish of New Orleans, 2700 Tulane Avenue, New Orleans, LA 70119</u>.

Docket or case number (if you know): <u>542-527</u>.

Date of the court's decision: <u>November 18, 2025</u>.

Result (attach a copy of the court's opinion or order, if available): <u>Denied. See Exhibit: A</u>.

(3) Did you receive a hearing on your motion or petition?                    ❑ Yes ☑ No

(4) Did you appeal from the denial of your motion or petition?               ☑Yes ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❑ Yes ☑No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____**n/a**_____

Docket or case number (if you know): _____**n/a**_____

Date of the court's decision: _____**n/a**_____

Result (attach a copy of the court's opinion or order, if available): _____**n/a**_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

8

Ineffective assistance of appellate counsel; A claim of ineffective assistance of counsel is generally not raised on appeal. It is usually raised in the trial court through the means of an application for post-conviction relief.

(e) Other Remedies: Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: N/A.

**GROUND THREE: Representatives of the State of Louisiana used *La. C.E. art. 804(A)(3)* to introduce out-of-court statements in Lafrance's recorded police interview that were known to be false and failed to correct it.**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

**(See Memorandum In Support)**

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A.

(c)    **Direct Appeal of Ground Three:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?  ☐ Yes    ☑No

   (2) If you did not raise this issue in your direct appeal, explain why: ineffective assistance of appellate counsel.

   (d) Post-Conviction Proceedings:

   (5) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

   ☑Yes    ☐ No

   (6) If your answer to Question (d)(1) is "Yes," state:

   Type of motion or petition: Application for post-conviction relief.

   Name and location of the court where the motion or petition was filed: 41st JDC, Parish of Orleans, 2700 Tulane Avenue, New Orleans, LA. 70119.

   Docket or case number (if you know): 542-527.

   Date of the court's decision: November 18, 2025.

   Result (attach a copy of the court's opinion or order, if available): Denied. See Exhibit: A.

(3) Did you receive a hearing on your motion or petition?               ❏ Yes ☑No

(4) Did you appeal from the denial of your motion or petition?          ☑Yes  ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❏ Yes ☑No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____**n/a**_____

Docket or case number (if you know): _____**n/a**_____

Date of the court's decision: _____**n/a**_____

Result (attach a copy of the court's opinion or order, if available):
_____**n/a**_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Ineffective assistance of appellate counsel.

(e) Other Remedies: Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One: N/A.

**GROUND FOUR:**

**During trial Leander Lafrance admitted that he was initially charged with second degree murder with Gerald West, but in exchange for his trial testimony, he agreed to plead guilty to obstruction of justice and accessory after the fact. He received a twenty-year sentence of imprisonment at hard labor on the obstruction charge and a five-year sentence on the accessory charge, but nevertheless agreed that his expected, actual release date was September of 2025.**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

(See Memorandum In Support)

(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A.

(c)      **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ❏ Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: ineffective assistance of appellate counsel.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑Yes        ❑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Application for post-conviction relief</u>.

Name and location of the court where the motion or petition was filed: <u>41st JDC, Parish of Orleans, 2700 Tulane Avenue, New Orleans, LA. 70119</u>.

Docket or case number (if you know): <u>542-527</u>.

Date of the court's decision: <u>November 18, 2025</u>.

Result (attach a copy of the court's opinion or order, if available): <u>Denied. See Exhibit: A</u>.

(3) Did you receive a hearing on your motion or petition?        ❑ Yes ☑No

(4) Did you appeal from the denial of your motion or petition?        ☑Yes    ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❑ Yes ☑No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____**n/a**_____

Docket or case number (if you know): _____**n/a**_____

Date of the court's decision: _____**n/a**_____

Result (attach a copy of the court's opinion or order, if available):
_____**n/a**_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>Ineffective assistance of appellate counsel</u>.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>N/A</u>.

**GROUND FIVE: Ineffective assistance of defense counsel for failing to object to the State presenting other crimes evidence in violation of *La. C.E. 404(B)*. Defense counsel allowed the State to elicit testimony from Det. Torres that Defendant committed a shooting on April 30, 2018 and that forty-five caliber casings were discovered at the crime scene. Det. Torres also testified that the victim of the subsequent shooting positively identified Defendant as the perpetrator in a confirmation photograph and stated that his nickname was "Frog." Defense counsel's deficient performance was exacerbated by his agreement with the State to limit the testimony it elicited from Det. Poluikis and Det. Torres regarding the facts of the April 30, 2018 shooting.**

(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):

(See Memorandum In Support)

(b) If you did not exhaust your state remedies on Ground Three, explain why: <u>N/A</u>.

(c)    **Direct Appeal of Ground Five:**

    (1) If you appealed from the judgment of conviction, did you raise this issue? ❑ Yes    ☑No

    (2) If you did not raise this issue in your direct appeal, explain why: <u>ineffective assistance of appellate counsel</u>.

(d) Post-Conviction Proceedings:

    (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ☑Yes    ❑ No

    (2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Application for post-conviction relief</u>.

Name and location of the court where the motion or petition was filed: <u>41st JDC, Parish of Orleans, 2700 Tulane Avenue, New Orleans, LA. 70119</u>.

Docket or case number (if you know): <u>542-527</u>.

Date of the court's decision: <u>November 18, 2025</u>.

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>. <u>See Exhibit: A</u>.

(3) Did you receive a hearing on your motion or petition?                ❑ Yes ☑No

(4) Did you appeal from the denial of your motion or petition?           ☑Yes ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❑ Yes ☑No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____**n/a**_____

Docket or case number (if you know): _____**n/a**_____

Date of the court's decision: _____**n/a**_____

Result (attach a copy of the court's opinion or order, if available):
_____**n/a**_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: Ineffective assistance of appellate counsel.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have
used to exhaust your state remedies on Ground One: N/A.


**GROUND SIX: Det. Poluikis testified that the victim's girlfriend (Nichele Nixon) and a woman named Victoria Claiborne provided statements to detectives detailing the firearm exchange between the victim and Lafrance, and Ms. Claiborne claimed that Lafrance had admitted that he participated in the homicide. Defense counsel failed to subpoena the above witnesses to testify during his trial.**


(a) Supporting facts (do not argue or cite law. Just state the specific facts that support your claim.):


(See Memorandum In Support)


(b) If you did not exhaust your state remedies on Ground Three, explain why: N/A.



(c)     **Direct Appeal of Ground Six:**

        (1) If you appealed from the judgment of conviction, did you raise this issue? ❑ Yes    ☑No

(2) If you did not raise this issue in your direct appeal, explain why: <u>ineffective assistance of appellate</u> <u>counsel</u>.

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☑Yes     ❑ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: <u>Application for post-conviction relief</u>.

Name and location of the court where the motion or petition was filed: <u>41st JDC, Parish of Orleans, 2700</u> <u>Tulane Avenue, New Orleans, LA. 70119</u>.

Docket or case number (if you know): <u>542-527</u>.

Date of the court's decision: <u>November 18, 2025</u>.

Result (attach a copy of the court's opinion or order, if available): <u>Denied</u>. <u>See Exhibit: A</u>.

(3) Did you receive a hearing on your motion or petition?     ❑ Yes ☑No

(4) Did you appeal from the denial of your motion or petition?     ☑Yes   ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue on appeal? ❑ Yes ☑No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

_____**n/a**_____

Docket or case number (if you know): _____**n/a**_____

Date of the court's decision: _____**n/a**_____

Result (attach a copy of the court's opinion or order, if available): _____**n/a**_____

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue: <u>Ineffective assistance of appellate counsel</u>.

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: <u>N/A</u>.

13.    Please answer these additional questions about the petition you are filing:

(a)    Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?  ☑ Yes        ☐ No

(b)    Is there any ground in this petition that has not been presented in some state or federal court? <u>N/A</u>.

14.    Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that  you challenge in this petition?  ☐ Yes        ☑ No

15.    Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☑ No

16.     Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)    At preliminary hearing: <u>Jay Daniels, Gregory Carter</u>.

(b)    At arraignment and plea: <u>Jay Daniels, Gregory Carter</u>.

(c)    At trail: <u>Michael Kennedy</u>.

(d)    At sentencing: <u>Michael Kennedy</u>.

(e)    On appeal: <u>Megan Harwell Bitoun</u>.

(f)    In any post-conviction proceeding: <u>Pro se</u>.

(g)    On appeal from any adverse ruling in a post-conviction proceeding: <u>Pro se</u>.

17.    Do you have any future sentence to serve after you complete the sentence imposed by the judgment that you are challenging?            ☐ Yes        ☑ No

18.    **TIMELINESS OF PETITION:**  If your judgment of conviction became final over one year ago, you must explain why the one-year statue of limitation as contained in **28 U.S.C. § 2244(d)** does not bar your petition. <u>N/A</u>.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claims is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: (1) <u>To vacate conviction and sentence pursuant to Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution; (2)or alternatively remand and order the district court to provide West with free copies of the trial transcripts and Lafrance's recorded police interview and subsequent statements made to the State and police, and to allow West to supplement the claim after receipt of those documents. The **Griffin and Douglas** issue renders a clear violation of Petitioner's Constitutional Rights and it is where this Habeas Lies herein for justice to be served.</u>

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on __July 22, 2026__ (month, date, year).

Executed (signed) on __July 22, 2026__ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.
N/A.