APPENDIX: A

TRIAL COURT ORDER

November 18, 2025

Gerald West #768228
Rayburn Correctional Center
27268 Highway 21 N
Angie, LA 70426

Re:  **STATE OF LOUISIANA v. GERALD WEST**
Case # 542-527"E"

Dear Mr. West:

Enclosed please find a copy of this Court's judgment denying your application for post-conviction relief.  The judgment is self-explanatory.

Sincerely,

Mia Marshall J.D
Law Clerk, Section E

Encl.

1

STATE OF LOUISIANA                    CRIMINAL DISTRICT COURT

VERSUS                                PARISH OF ORLEANS

GERALD WEST                           CASE NO. 542-527

                                      SECTION 'E'

## JUDGMENT

Defendant Gerald West, hereinafter referred to as Petitioner, has filed with this Court an

Application for Post-Conviction Relief. In his application the Petitioner asserts five (5) claims of

error that this Court finds all to be without merit. For the following reasons, the Petitioner's

Application for Post-Conviction Relief is hereby **DENIED.**

## PROCEDURAL HISTORY

In 2018, Petitioner was charged with one count of Second-Degree Murder in violation of

La.R.S. 14:30.1; one count of Armed Robbery with a Firearm in violation of La.R.S. 14:64.3; and

one count of Obstruction of Justice in violation of La. R.S. 14:130.1. On April 08, 2022, Petitioner

was found guilty as charged by jury of Armed Robbery and Obstruction of Justice and found guilty

to one count of Manslaughter. For each count of manslaughter and armed robbery the Petitioner was

sentenced to forty (40) years, hard labor in the custody of the Department of Correction, concurrent

with all counts and without benefit of parole, probation, or suspension of sentence. As to the count

of obstruction of Justice the Petitioner was sentenced to twenty (20) years, hard labor in the custody

of the Department of Correction, concurrent with all counts and without benefit of parole,

probation, or suspension of sentence.

## DISCUSSION

As Petitioner's first assignment of error, he asserts that the State prejudicially offered and the

trial court erred in admitting Leander Lafrance's recorded police interview pursuant La C.E. art

804(A)(3), which deems a declarant "unavailable as a witness" when he cannot or will not testify in

court concerning the substance of his out of court statement when he testifies to lack of memory of

the subject matter of his statement". Specifically, Petitioner complains that the State should have

first examined Lafrance using a transcribed reproduction to determine his "lack of memory"; that

Lafrance lied about having a "lack of memory"; and that the State prejudicially used La C.E. art 804

(A)(3) to circumvent Petitioners constitutional right to confront and cross examine Lafrance.

La. C. E. 804 A (3) provides:

Art. 804. Hearsay exceptions; declarant unavailable

A. Definition of unavailability. Except as otherwise provided by this Code, a declarant is "unavailable as a witness" when the declarant cannot or will not appear in court and testify to the substance of his statement made outside of court. This includes situations in which the declarant:

(3) Testifies to a lack of memory of the subject matter of his statement;

Additionally, The Confrontation Clause of the Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right...to be confronted with the witnesses against him...." U.S. Const. Amend. 6. This provision bars "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had [ ] a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. 36, 53-54, 124 S.Ct. 1354, 1365, 158 L.Ed.2d 177 (2004). State v. Horton, 2024-0458 (La. App. 4 Cir. 7/24/25)

In this case, the witness testified to lack of memory of the statements he made during his police interview with Det. Poluikis. Lafrance testified that he recognized himself and his voice in the recorded video footage of his police interview. The State offered and the court admitted without objection Lafrance's recorded interview pursuant La CE art 804(A)(3). The defense then had an opportunity to cross-examine and confront the witness. Defense Counsel questioned the witness focusing on the plea deal he was offered in exchange for his testimony. Therefore, the defense's constitutional right was not violated. Accordingly, this Court finds the Petitioner's first assignment of error lack merit.

As Petitioner's second assignment of error, he asserts that Trial counsel rendered ineffective assistance of counsel when he failed to object when the state offered and trial court admitted LaFrance's recorded interview pursuant to La. C.E. art 804 A (3). Specifically, the Petitioner asserts that the Trial counsel should have objected to the admittance of the video because it was used to circumvent his right to confront and cross-examine Lafrance.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court held that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result". *Id* at 699. In particular, the defendant must show that his representation fell below an objective standard of reasonableness *and* that but for counsel's errors,

the result(s) of the trial would have been different. *Id.* Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. *State v. Serigny*, 610 So.2d 857, 859-60 (La.App. 1st Cir.1992), *writ denied*, 614 So.2d 1263 (La.1993).

Here, Petitioner's conclusory allegation is insufficient to support his claim. The record shows that trial counsel cross-examined the eyewitness thoroughly. Further, decisions regarding lack of or limited cross-examination by counsel are usually considered strategy. If the trial counsel's actions fall within the ambit of trial strategy, as it does in the present case, they do not establish ineffective assistance of counsel. *State v. Bienemy*, 483 So.2d 1105, 1107 (La.App. 4 Cir.1986). Hindsight is not the proper perspective for judging the competence of counsel's trial decisions. Neither may an attorney's level of representation be determined by whether a particular strategy is successful." *State v. Brooks*, 505 So.2d 714, 724 (La.1987). Accordingly, Petitioner fails to show that counsel's representation fell below an objective standard of reasonableness and but for counsel's errors, the end result would have been different. Thus, this Court finds the Petitioner's second assignment of error to be without merit.

As Petitioner's third assignment of error, he asserts the State of Louisiana used LA CE 804A3 to introduce out of court statements in Lafrance's recorded police interview that were known to be false and failed to correct it. Specifically, the Petitioner argues that Lafrance testified that some of his statements he made in his recorded interview were not true.

Where a prosecutor allows a state witness to give false testimony without correction, a reviewing court must reverse the conviction if the witness's testimony reasonably could have affected the jury's verdict, even if the testimony goes only to the credibility of the witness. *Napue v. Illinois*, 360 U.S. 264, 269, 79 S.Ct. 1173, 1177, 3 L.Ed.2d 1217 (1959); *State v. Broadway*, 96–2659, p. 17 (La.10/19/99), 753 So.2d 801, 814; *State v. Williams*, 338 So.2d 672, 677 (La.1976). To prove a *Napue* claim, the defendant must show that the prosecutor acted in collusion with the witness to facilitate false testimony. *Broadway*, 96–2659, p. 17, 753 So.2d at 814. Furthermore, fundamental fairness, i.e., due process, is offended "when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Napue*, 360 U.S. at 269, 79 S.Ct. 1173, 3 L.Ed.2d 1217. When false testimony has been given under such circumstances, the defendant is entitled to a new trial unless there is no reasonable likelihood that the alleged false testimony could have affected the outcome of the trial. *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972).

However, the grant of a new trial based upon a *Napue* violation is proper only if: (1) the statements at issue are shown to be actually false; (2) the prosecution knew they were false; and (3) the statements were material. *United States v. O'Keefe*, 128 F.3d 885, 893 (5 Cir.1997). State v. Phillips, 2010-0582 (La. App. 4 Cir. 2/17/11), 61 So. 3d 130, 136, writ denied, 2011-0582 (La. 10/7/11), 71 So. 3d 311

In this case, the witness, Lafrance, testified to lack of memory of anything said in his statements to police, to which the state admitted his recorded police interview pursuant La. C.E. art. 804 A(3) deeming the witness unavailable. After hearing the recording, on cross by defense and on re-direct by the State the Lafrance testified that some of the statements he made in his recorded interview with Det. Poluikis were not true. He admitted that he had made a second statement to the District Attorney, in the presence of his attorney, on November 16, 2021, in which he stated that he picked up his girlfriend, Frog, and another person named Ruger in his Trailblazer and drove to the Lakewind East Apartments to meet the victim. The rest of his story remained the same, except that he indicated that he was the one who grabbed the rifle when he fled the victim's vehicle after the shooting. Lafrance admitted on cross-examination that he had learned during discovery conducted for his own trial that an eyewitness had described him as the perpetrator who had exited the vehicle holding the rifle, and that the witness reported that both perpetrators fled in the same direction. Consequently, he decided to change his story to align with what the witness had reportedly observed. Lafrance testified that he lied to Det. Poluikis about Ruger's and his girlfriend's presence at the scene because he did not want to get them involved. On re-direct examination, Lafrance admitted that Frog fled the crime scene with him (and his girlfriend and Ruger) in his Trailblazer. He also stated that he was frightened to testify against Defendant because he was concerned about his family's safety.

Here, the Court finds that the Petitioner's allegations are conclusory and that the Petitioner fails to prove that 1) Witness testified falsely 2) that the State knew it to be false and failed to correct it and 3) that the statements were material. Accordingly, this Court finds Petitioner's third assignment of error to be without merit.

As Petitioner's fourth assignment of error, he asserts that because Leander Lafrance testimony was essential to the State's case against him, he has a right to review a copy of the negotiated plea agreement showing that Lafrance entered into to a plea agreement pursuant to La. C. Cr. P. art 890.1. This Court finds that Petitioner fails to assert a claim that entitles him to relief for

Post Conviction. This Court finds Petitioner's claim is more appropriate for a Production of Documents.

As Petitioner's fifth assignment of error, he asserts ineffective assistance of counsel for failing to object to the State presenting other crimes evidence in violation of La. C.E. art 404 B. Specifically, Petitioner asserts that the Defense counsel allowed the State to elicit testimony from Det. Torres that Defendant committed a shooting on April 30, 2018 and that forty-five caliber casings were discovered at the crime scene.

A review of the record shows that the Petitioner raised a similar claim on appeal involving the admittance of the same 404B evidence that he argues here. In his appeal, the Fourth Circuit found: "Here, it does not appear that the jury was so inflamed that its verdict was influenced by the similarity of the caliber of the casings discovered at the two crime scenes."[1] and "Given this evidence, the brief reference to the caliber of casings discovered at the scene of the April 30, 2018 shooting surely did not contribute to the jury's responsive verdict of manslaughter. The first assignment of error lacks merit."[2]

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court held that the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result". *Id* at 699. In particular, the defendant must show that his representation fell below an objective standard of reasonableness *and* that but for counsel's errors, the result(s) of the trial would have been different. *Id*. Further, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. *State v. Serigny*, 610 So.2d 857, 859-60 (La.App. 1st Cir.1992), *writ denied*, 614 So.2d 1263 (La.1993).

As to his instant claim of ineffective assistance of counsel, this court finds in similarity with the reasoning of Fourth Circuit Court of Appeals opinion that the "the brief reference to the caliber of casings discovered at the scene of the April 30, 2018 shooting surely did not contribute to the jury's responsive verdict of manslaughter."[3]

Further, a review of the record shows that State and Defense made an agreement to limit the testimony it elicited from Det. Poluikis and Det Torres regarding the facts of the April 30, 2018 shooting. Thus, court finds that the Petitioners fails to show that representation fell below an

---

[1] State v West, NO. 2022-KA-0721
[2] State v West, NO. 2022-KA-0721
[3] State v West, NO. 2022-KA-0721

objective standard of reasonableness *and* that but for counsel's errors, the result(s) of the trial would have been different.

For the forgoing reasons, the Petitioner's Application for Post-Conviction Relief is hereby **DENIED.**

New Orleans, Louisiana, this ___18___ day of ___November___, 2025.

Rhonda Goode Douglas
District Court Judge
Section E